# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

March 25, 2009

Steven Frank Berardi
17 Academy Street
Suite 210
Newark, New Jersey 07102

    (*Attorney for Plaintiff*)

Eric Evans Wohlforth
Gibbons, P.C.
One Gateway Center
Newark, New Jersey 07102

    (*Attorney for Defendant*)

    **RE:** **Valle v. Cigna Group Life Insurance/Life Insurance Company of North America**
           **Civ. No. 08-4448 (WJM)**

Dear Counsel:

    This matter comes before the Court on Defendant Life Insurance Company of North America's ("LINA")[1] motion to dismiss Plaintiff William Valle's complaint

---

    [1] Defendant represents that CIGNA Group Insurance is a service mark of the Life Insurance Company of North America and as such, is not properly named as a defendant in this

pursuant to Fed. R. Civ. P. 12(b)(6).  There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, Defendant's motion to dismiss is **GRANTED**.

**I.     BACKGROUND**

Until July 7, 1992, Plaintiff William Valle was employed by the New Jersey-based Kessler Rehabilitation Institute ("Kessler").  As a benefit of his employment, Valle was covered under a group long-term disability policy issued by LINA.  On the last day of his employment at Kessler, Valle filed a claim for disability benefits with LINA and "received for a time long term disability benefits as a New Jersey resident at a rate of $500.00 per month."  Compl. ¶ 1.

On January 24, 2002, LINA terminated Valle's benefits, stating that "[c]ontinued requests for a physical assessment have not been provided and therefore it is reasonable to state there is no evidence of an impairment in functional status."  Certification of E. Evans Wohlforth ("Wohlforth Cert.") Ex. D.[2]  LINA reconfirmed its decision to terminate Valle's benefits in a letter dated March 6, 2002.  *See* Wohlforth Cert. Ex. E. Valle then appealed the termination decision on April 3, 2002.  *See* Certification of Steven F. Berardi ("Berardi Cert.") Ex. D.  On June 27, 2002, LINA informed Valle that his appeal was still under review.[3]  *See* Berardi Cert. Ex. E.

On October 22, 2004, Valle filed a complaint in the Superior Court of New Jersey demanding payment of his benefits, as well as punitive damages.  This complaint was

---

action.  *See* Def.'s Br. 1 n. 1.

[2]  The Court may consider the group long-term disability plan document, as well as the letters sent by LINA to Valle, in which LINA explains its rationale for terminating Valle's disability payments.  While as a general rule, the court may only consider the pleading which is attacked by a Fed. R. Civ. P. 12(b)(6) motion in determining its sufficiency, the Third Circuit has noted that the court also may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions." *Pryor v. Nat'l Collegiate Basketball Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).  Further,  "[d]ocuments that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim." *Id.*  Plaintiff refers to the policy in his complaint, Compl. ¶ 3, and also contends he provided LINA with sufficient information to demonstrate his continuing disability. Compl. ¶¶ 3, 4, 5.  As such, the policy and the letters sent by LINA are properly before the Court on this motion.

[3]  Neither party discusses the outcome of this appeal, although it can be assumed that the appeal was rejected.

dismissed on May 21, 2005 by the New Jersey state court for lack of prosecution. *See* Berardi Cert. Ex. C. The notice of dismissal, however, was sent to the wrong law firm.[4] *See id.*

On August 7, 2008, Valle filed the instant complaint, which is virtually identical to his first, in the Superior Court of New Jersey. *See* Wohlforth Cert. Ex. B. LINA removed this complaint to this Court on September 4, 2008. LINA now brings a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## II.  DISCUSSION

Before the Court now is Defendant's motion to dismiss the August 7, 2008 complaint, which was properly removed from the Superior Court of New Jersey.

### A.  Motion to Dismiss Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir.1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

### B.  Statute of Limitations

As noted above, Plaintiff Valle was covered by his former employer's group long-term disability policy, issued by LINA. Valle therefore received disability payments pursuant to terms of this policy. Under the terms of this policy, "[n]o action will be brought at all [under the policy] unless brought within 3 years ... after the time within which proof of loss is required by the policy." *See* Wohlforth Cert. Ex. C. In defining "proof of loss," the policy states that "[u]pon request, written proof of continued Disability and of regular attendance of physician must be given to the Insurance Company within 30 days of such request." *Id.*

---

[4] Plaintiff does not state when or how he discovered that his 2004 complaint was dismissed.

Defendant represents that it demanded "proof of loss" – here, evidence of Valle's continued disability – on August 30, 2001.  *See* Def.'s Br. in Supp. of Mot. to Dismiss at 5; *see also* Wohlforth Cert. Exs. D, E (January 24, 2002 and March 6, 2002 letters from LINA referencing the August 30, 2001 request).  Using this August 30, 2001 date as the time at which "proof of loss" was requested, Plaintiff was required to demonstrate "proof of loss" within thirty days and then bring the instant complaint within three years, i.e. before September 30, 2004.[5]  Instead, the instant complaint – which is the only complaint before this Court – was brought nearly seven years later on August 7, 2008.  This complaint is clearly untimely under the policy.

Plaintiff attempts to get around this procedural bar by ignoring the complaint he filed in 2008 and arguing that his first state court complaint, filed in 2004, is still viable.  Plaintiff contends that this 2004 complaint was dismissed improperly and that this 2004 complaint, if restored, provides a basis for recovery of his terminated benefits.  *See* Pl.'s Br. 2.

While this argument may have some facial appeal, it overlooks one salient point – the 2004 state court complaint was not removed.  As such, this 2004 complaint is not before this Court.[6]  Only one complaint is before the Court now, and the issue is whether this complaint, filed on August 7, 2008, is timely under the terms of the policy.  As discussed *supra*, the complaint is not timely.  Accordingly, Defendant's motion to dismiss is **GRANTED**.

---

[5] Plaintiff argues in his opposition that Defendant's failure to attach a copy of the August 30, 2001 letter to his motion somehow prevents Defendant from arguing that "proof of loss" was requested on that date.  *See* Pl.'s Br. in Opp. to Mot. to Dismiss 1, 3.  Plaintiff provides no legal support for this assertion.  The Court could find no support for this either.  It is clear, however, in the letter dated January 24, 2002, that LINA requested written proof of Valle's continuing disability.  Even using this January 24, 2002 date as the "proof of loss," Valle was required to bring suit by January 24, 2005, which still renders the instant complaint untimely.

[6] Plaintiff states in his opposition that this 2004 complaint "remains viable."  Pl.'s Br. 2.  This argument is addressed to the wrong court.  Any argument regarding the viability or reinstatement of this complaint should be brought in the Superior Court of New Jersey, since that is where this complaint is on file.

**III.    CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**.  An order follows this Letter Opinion.


    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**